UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
Philadelphia Division

| | |
|---|---|
| IN RE: | |
| | Chapter 13 |
| SIETHARATH CHHUN | Case No. 26-10760-DJB |
| Debtor | |
| ALLY BANK | Hearing Date: September 3, 2026 @ 11:00 AM |
| Movant | |
| | Response Deadline: August 27, 2026 |
| v. | |
| SIETHARATH CHHUN (Debtor) | |
| KENNETH E. WEST (Trustee) | |
| Respondents | |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1) AND FOR ENTRY OF ORDER WAIVING THE PROVISION OF FED. R. BANKR. P. 4001(a)(4)**

NOW COMES Ally Bank, a secured creditor in the above-captioned bankruptcy case, by its counsel, Orlans Law Group PLLC, as and for a motion pursuant to 11 U.S.C. § 362(d)(1) and Fed. R. Bankr. P. 4001(a)(4), seeking an Order granting relief from the Automatic Stay in order to obtain possession and dispose of its collateral, namely one 2017 Nissan Titan and states the following as grounds therefore:

1.    This Court has jurisdiction over this matter under 28 U.S.C. §§ 1334(b) and § 157(a) and 11 U.S.C. § 362(d).  Upon information and belief, this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

2.    On February 25, 2026, the Debtor, above-named, filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code in the Eastern District of Pennsylvania.

3.  Ally Bank (the "Creditor") is a secured creditor and the holder of a duly perfected

    security interest in one (1) 2017 Nissan Titan VIN No. 1N6AA1E53HN500189 (the

    "Vehicle") pursuant to a Retail Installment Sale Contract - Simple Finance Charge (with

    Arbitration Provision) (the "Contract"), a retail installment contract between the Debtor

    and Montgomeryville Nissan (the "Seller"), entered into on May 4, 2023, whereby the

    Debtor agreed to pay a total of $41,323.80 in 60 monthly payments of $688.73 each in

    connection with the purchase of the Vehicle. Thereafter, pursuant to its terms, the

    Contract was duly assigned by the Seller to Ally Bank and the latter is now the holder

    and owner of the same. True and correct redacted versions of the Contract and Proof of

    Lien Perfection are attached as Exhibits "A" and "B", respectively.

4.  Pursuant to 11 U.S.C. § 362(d)(1), upon request of a party in interest, the Court shall

    grant relief from the automatic stay for cause, including lack of adequate protection of an

    interest in property of such party in interest.

5.  As of July 23, 2026, the net total balance due on the obligation to Creditor was

    $19,357.99.

6.  As of July 23, 2026, the Debtor is in default of the payment obligations to the Creditor

    pursuant to the terms and conditions of the Contract/Lease as follows:

    a.  The post-petition monthly payment is $688.73;

    b.  Contractual arrears are due in the amount of $6,012.16 which includes $3,443.65 for

        the months of March 18, 2026 through July 18, 2026, together with $2,568.51 in pre-

        petition arrears;

    c.  The next post-petition monthly payment of $688.73 is due on August 18, 2026; and

d.   The foregoing does not represent any amount which may be due for costs and attorneys' fees as may be allowed by the Court.

7.   That Creditor has ascertained that the clean retail value of the Vehicle is $24,400.00 based on J.D. Power Used Car Guide's estimated value of the Vehicle estimated value of the Vehicle. A copy of the J.D. Power Guide for valuation of the Vehicle is attached hereto as Exhibit "C."

8.   Upon information and belief, there is no other encumbrance affecting the Vehicle, and there is no other collateral securing the indebtedness.

9.   It is respectfully asserted that the Creditor's interest in the Vehicle will not be adequately protected if the automatic stay is allowed to remain in effect.

10.   Accordingly, sufficient cause exists to grant the Creditor relief from the automatic stay.

WHEREFORE, the Creditor, Ally Bank, respectfully requests that the Court issue an Order, pursuant to 11 U.S.C. §362(d), either:

a.   Granting the Creditor relief from the automatic stay in order to obtain possession and dispose of the Vehicle, the entry of which order shall be effective immediately upon entry, notwithstanding the provisions of FRBP 4001(a)(4); and

b.   For such other and further relief as the Court may deem just and proper.

Date:  July 29, 2026

Respectfully Submitted,

*/s/ Garrett M. Wilson*
Elizabeth A. Trachtman, Esq. PA 333427
Garrett M. Wilson, Esq. PA 338633
Michele M. Bradford, Esq. PA 69849
Orlans Law Group PLLC
Attorney for Ally Bank
200 Eagle Road, Bldg 2, Suite 120
Wayne, PA 19087
(484) 367-4191
Email: etrachtman@orlans.com

gwilson@orlans.com
mbradford@orlans.com
File Number: 26-007078