UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
Philadelphia Division

IN RE:

SIETHARATH CHHUN

      Debtor

Chapter 13
Case No. 26-10760-DJB

ALLY CAPITAL

      Movant

v.

SIETHARATH CHHUN
      (Debtor)

JOSHUA LAYTON
      (Co-Debtor)

KENNETH E. WEST
      (Trustee)

      Respondents

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY PURSUANT TO 11 U.S.C. § 362(d)(1) AND FOR ENTRY OF ORDER WAIVING THE PROVISION OF FED. R. BANKR. P. 4001(a)(4)

NOW COMES Ally Capital, a secured creditor in the above-captioned bankruptcy case, by its counsel, Orlans Law Group PLLC, as and for a motion pursuant to 11 U.S.C. § 362(d)(1) and co-debtor relief pursuant to 11 U.S.C. § 1301 and Fed. R. Bankr. P. 4001(a)(4), seeking an Order granting relief from the Automatic Stay in order to obtain possession and dispose of its collateral, namely one 2013 Nissan NV and states the following as grounds therefore:

1.    This Court has jurisdiction over this matter under 28 U.S.C. §§ 1334(b) and § 157(a) and 11 U.S.C. § 362(d).  Upon information and belief, this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

2.    On February 25, 2026, the Debtor, above-named, filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code in the Eastern District of Pennsylvania.

3.    Ally Capital (the "Creditor") is a secured creditor and the holder of a duly perfected security interest in one (1) 2013 Nissan NV VIN No. 1N6AF0LX5DN104887 (the "Vehicle") pursuant to a Retail Installment Sale Contract - Simple Finance Charge (with Arbitration Provision) (the "Contract"), a retail installment contract between the Debtor and Car Revolution (the "Seller"), entered into on August 29, 2022, whereby the Debtor agreed to pay a total of $35,926.56 in 72 monthly payments of $498.98 each in connection with the purchase of the Vehicle. Thereafter, pursuant to its terms, the Contract was duly assigned by the Seller to Ally Capital and the latter is now the holder and owner of the same. The Vehicle is owned by, and upon information and belief is in the possession and control of the Debtor. True and correct redacted versions of the Contract and Proof of Lien Perfection are attached as Exhibits "A" and "B", respectively.

4.    Pursuant to 11 U.S.C. § 362(d)(1), upon request of a party in interest, the Court shall grant relief from the automatic stay for cause, including lack of adequate protection of an interest in property of such party in interest.

5.    As of June 30, 2026, the net total balance due on the obligation to Creditor was $15,001.76.

6.    As of June 30, 2026, the Debtor is in default of the payment obligations to the Creditor pursuant to the terms and conditions of the Contract/Lease as follows:

    a.  The post-petition monthly payment is $498.98;

b.  Contractual arrears are due in the amount of $6,144.56 which includes $2,993.88 for the months of February 28, 2026 through July 28, 2026, together with $3,150.68 in pre-petition arrears;

c.  The next post-petition monthly payment of $498.98 is due on August 28, 2026; and

d.  The foregoing does not represent any amount which may be due for costs and attorneys' fees as may be allowed by the Court.

7.  That Creditor has ascertained that the Private Party Value of the Vehicle is $6,150.00 based on Kelley Blue Book Used Car Guide's estimated value of the Vehicle.  A copy of the Kelley Blue Book Used Car Guide for valuation of the Vehicle is attached hereto as Exhibit "C".

8.  Upon information and belief, there is no other encumbrance affecting the Vehicle, and there is no other collateral securing the indebtedness.

9.  Upon information and belief, the Debtor continues to enjoy the use and possession of the Vehicle subjecting same to normal occupational wear and tear thereby causing of the Vehicle to depreciate in value. It is respectfully submitted that the continued use of the Vehicle shall eventually render it useless thereby causing Ally Capital irreparable damage to its interests in same.

10. It is respectfully asserted that the Creditor's interest in the Vehicle will not be adequately protected if the automatic stay and co-debtor stay are allowed to remain in effect.

11. Accordingly, sufficient cause exists to grant the Creditor relief from the automatic stay and co-debtor stay.

12.     The Creditor is also entitled to relief from the automatic stay for cause pursuant to 11

U.S.C. §362(d)(2) because Debtor has no equity in the Vehicle and the Vehicle is not

necessary for an effective reorganization.

WHEREFORE, the Creditor, Ally Capital, respectfully requests that the Court issue an

Order, pursuant to 11 U.S.C. §362(d) and § 1301(c), either:

a.  Granting the Creditor relief from the automatic stay and the co-debtor automatic stay

in order to obtain possession and dispose of the Vehicle, the entry of which order

shall be effective immediately upon entry, notwithstanding the provisions of FRBP

4001(a)(4); and

b.  For such other and further relief as the Court may deem just and proper.

Date:  July 29, 2026

Respectfully Submitted,

*/s/ Garrett M. Wilson*
Elizabeth A. Trachtman, Esq. PA 333427
Garrett M. Wilson, Esq. PA 338633
Michele M. Bradford, Esq. PA 69849
Orlans Law Group PLLC
Attorney for Ally Capital
200 Eagle Road, Bldg 2, Suite 120
Wayne, PA 19087
(484) 367-4191
Email: etrachtman@orlans.com
gwilson@orlans.com
mbradford@orlans.com
File Number: 26-006794